452

**ACCURATE EMPLOYMENT SERVICE, Plaintiff-Appellee, v. ROWELL, Defendant-Appellant.**

Common Pleas Court, Franklin County.

No. 191031.  Decided November 16, 1954.

Walter S. Barrett, Jr., Columbus, for plaintiff-appellee.
Brownfield, Ford & Douglas, Columbus, for defendant-appellant.

## OPINION

By BARTLETT, J.

**APPEAL SUSTAINED. JUDGMENT OF MUNICIPAL COURT IN FAVOR OF PLAINTIFF-APPELLEE REVERSED. JUDGMENT OF DISMISSAL IN FAVOR OF DEFENDANT-APPELLANT ENTERED AT PLAINTIFF-APPELLEE'S COSTS.**

This is an appeal from a judgment of $177.45 against the defendant-appellant in the Municipal Court of Columbus.

No appeal bond having been filed, as required by law, the appellant is not entitled to an appeal on questions of law and fact; but such an appeal is retained as an appeal on questions of law in accordance with §2505.23 R. C. (Sec. 12223-22 GC.)

The facts disclosed by the record are that defendant was placed for employment as a secretary by the plaintiff, a private employment agency, under the terms of a written contract in which defendant agreed to pay plaintiff a fee based upon a certain percentage of the first month's salary **(GROSS EARNINGS)**. Defendant worked two days and left her place of employment at the end of the second day, and did not return for the alleged misconduct of her immediate superior and only office associate, the manager; the misconduct being

described by the defendant as "a little more friendly than I cared to be," putting his hands on her unnecessarily both in the office and while out for lunch, "unnecessary handling" as defendant described it, inappropriate conversation about his relations with his wife, and the closing of the office each day so he could take the defendant out for drinks.

When defendant left the office on the second day, she did not notify her employer she was not returning; but she immediately called Mrs. Vought, a partner or manager of plaintiff agency, and related to her "exactly what happened." (R. 31.)

Defendant testified that Mrs. Vought then stated: "I didn't have to work for a man that treated me like that and that is why I quit." (R. 25.) Defendant also testified Mrs. Vought stated they would find other employment for her, and Mrs. Vought did send her to other places but they did not prove satisfactory for her employment.

The defendant further testified that she had been with her present employer as secretary almost a year; that she had served as secretary about 8 years with different firms; and she had never left any other employer on account of such improper advances.

Plaintiff offered no rebuttal to defendant's testimony as to the conduct of her manager, or the conversation of Mrs. Vought when she reported the incidents concerning the manager's conduct, notwithstanding plaintiff had several days to secure witnesses for rebuttal, due to recess of the court. The judgment included $50.00 penalty, based on defendant's alleged failure to pay her placement fee when she left her employment. The defendant never received pay for the two days she worked.

Defendant's Exhibit 1 discloses the contract defendant signed, and on which plaintiff bases its claim. In part it states: "I will pay a placement fee based upon the following percentage of the first month's salary (GROSS EARNINGS):" "Gross Earnings" means entire earnings received. C. M. L. Traction Co. v. State, 94 Oh St 24; R. R. Co. v. R. R. Co., 44 Oh St 287. Defendant did not receive any compensation on which to base a percentage fee. The contract further stipulated: "Should I fail to report for work after accepting a position from an employer to whom I have been referred by * * * (plaintiff), I will pay immediately the full placement fee." Plaintiff founds its entire claim including penalty on this stipulation. The Court holds this stipulation does not apply since defendant did report for work two days in succession. Since this agreement drawn by plaintiff under-

takes to provide a penalty, it should be construed strictly. **37 O. Jur. Statutes, Sec. 420, p. 744.**

Plaintiff undertakes to justify its fee under Subsection 5 of the regulations by the Bureau of Unemployment Compensation governing private employment agencies, by the claim that this section provides where the applicant "voluntarily" terminates her employment, the placement fee will be computed on a permanent employment basis. This Court rules as a matter of law that the defendant did not voluntarily terminate her employment, but instead she quit her employment for adequate cause. "Voluntarily" means freely and without compulsion. The Court on the record believes defendant was justified in leaving such employment, and that her regard for decent moral relations in an office was a sufficient compelling reason for her so doing. Mrs. Vought undoubtedly thought the same thing when defendant reported to her and is to be commended in the attitude she displayed at that time.

Counsel for plaintiff belittles the defendant's version of the alleged misconduct of her office associate. The Court cannot agree that defendant's account of this course of conduct should not be given serious weight. Counsel should be reminded that in the law of evidence, silence at a time when a party ought to speak and offer an explanation is admissible in evidence as part of the res gestae as bearing upon the question of his good faith in the act done. **Ry. v. Conner, 74 Oh St 225.** Admissions may be inferred from silence or acquiescence at a time when the party ought to speak, or when he should challenge an imputation or accusation. **17 O. Jur. Evidence, Sec. 246, p. 314.**

"Declarations which are the immediate accompaniments of an act are admissible as part of the res gestae;" * * * "The utterance * * * made at the earliest opportunity * * * was the spontaneous and impulsive language of the situation, free from any subterfuge, artifice or motive to fabricate." **State v. Lasecki, 90 Oh St 10.**

"Since this utterance is made under the immediate and uncontrolled domination of the senses, and during the brief period when considerations of self-interest could not have been brought fully to bear by reasoned reflection, the utterance may be taken as particularly trustworthy (or, at least, as lacking the usual grounds of untrustworthiness), and thus as expressing the real tenor of the speaker's belief as to the facts just observed by him; * * *." State v. Lasecki, supra, p. 10; Wigmore on Evidence, Vol. 3, Sections 1745 to 1747.

In other words, the fact the defendant, immediately re-

ported to the plaintiff agency, "exactly what happened," lends strength to her good faith and trustworthiness, in relating sincerely the situation that caused her to leave her place of employment.

The plaintiff is estopped in any event to question the defendant's justification for leaving the employment where she had been placed by the plaintiff agency.

It is not disputed that on leaving her employer's office after completing her second day there, defendant immediately called the office of the plaintiff and reported the alleged incidents at the office where she was employed; and the defendant testified that after relating "exactly what happened," Mrs. Vought of plaintiff's office, stated that the defendant "didn't have to work for a man that treated me (defendant) like that," and defendant then testified, "and that is why I quit." There is nothing in the record that indicates the defendant had notified her employer she would not return for work the next day. If defendant testified truthfully, apparently Mrs. Vought at that time felt defendant had just cause for leaving her employer, and encouraged her not to return.

"The doctrine of equitable estoppel is frequently applied to transactions in which it would be unconscionable for a party to take a position inconsistent with the one in which he has acquiesced." **16 O. Jur. Estoppel, Sec. 53, p. 610.**

"It is a well recognized rule in Ohio that a party cannot be permitted to occupy inconsistent positions or to take a position in regard to a matter which is directly contrary to or inconsistent with one previously assumed by him. Where a party has an election to adopt one of two inconsistent courses, and takes decisive action with knowledge of his rights and the facts, his election is determined and he is estopped." Ibid, Sec. 59, p. 623.

"An estoppel may arise under certain circumstances from silence or in action as well as from words or actions. This principle is embodied in the maxim, 'one who is silent when he ought to speak will not be heard to speak when he ought to be silent,' and variant forms thereof." Ibid. Sec. 51, p. 605.

Declarations in pais will operate as an estoppel in favor of those whose conduct it may be fairly supposed, they were intended to influence. **Morgan, et al. v. Spangler, Sheriff, 14 Oh St 102, 16 O. Jur. Estoppel, Sec. 45, p. 600;**

"Estoppel arises when one is concerned in or does an act which in equity will preclude him from averring anything to the contrary, as where another has been innocently misled into some injurious change of position." **16 O. Jur. Estoppel, Sec. 36, p. 589.**

In other words, when defendant reported to plaintiff agency her version of the incidents of the office, if it was felt she did not have sufficient reasons for leaving, she should have been so advised and encouraged to return to work; but having given her the opposite advice and encouragement, plaintiff cannot later change its position, just to collect its placement fee.

The foregoing conclusion of the court is also supported by the doctrine of waiver.

"A waiver is an intentional relinquishment, either expressly or constructively, of a known right." Ibid, Sec. 36, p. 589. **Russell v. 4th Natl. Bank, 102 Oh St 248, 269.**

The appeal to this Court is sustained, the judgment of the trial court is reversed, and this Court now renders a judgment dismissed in favor of the defendant with costs against the plaintiff, being the judgment which should have been rendered by the court below. **Sec. 2505.37 R. C.**

Entry accordingly with exceptions to counsel for the plaintiff-appellee.