**Tony Jake MARTINEZ, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 6737.**

United States Court of Appeals
Tenth Circuit.

Sept. 18, 1961.

Larry M. Baker, Denver, Colo., for appellant.

Jack L. Love, Asst. U. S. Atty, Albuquerque, N. M. (John Quinn, U. S. Atty., and Ruth C. Streeter, Asst. U. S. Atty., Albuquerque, N. M., were on the brief), for U. S.

Before MURRAH, Chief Judge, and PHILLIPS and HUXMAN, Circuit Judges.

PHILLIPS, Circuit Judge.

Tony Jake Martinez was convicted and sentenced on an information which charg-

ed him with transporting in interstate commerce from Des Moines, Iowa, to Clovis, New Mexico, a firearm, to wit, a Smith and Wesson .38 caliber revolver, after he had been convicted of a crime of violence on October 14, 1959, in a New Mexico state court, in violation of 15 U.S.C.A. § 902(e). He has appealed.

The evidence established that an information was filed in the New Mexico state court on August 25, 1959, charging that on October 20, 1958, in Santa Fe County, New Mexico, Martinez did break and enter in the night time the Roadrunner Curio Shop in Santa Fe, New Mexico, with intent to commit larceny; that on October 14, 1959, he was convicted on a plea of guilty and sentenced to serve in the New Mexico State Penitentiary for not less than one nor more than three years.

The evidence further established these facts: Al Levich, doing business under the name Al Levich Company, operated a jewelry and loan business in Des Moines, Iowa. On November 12, 1960, Martinez and one Clarke E. Jones came to the Levich place of business. Martinez purchased a Smith and Wesson .38 caliber revolver and Jones purchased a 30-30 rifle. Martinez paid cash for the revolver. Jones paid part cash and gave a check for the balance for the rifle. Before the purchases were consummated, Martinez and Jones satisfied Levich that they were more than 21 years of age. It was necessary for Levich to make a report of the sale of the revolver as a dangerous weapon. A report of the sale to Martinez, dated November 12, 1960, was made out. It particularly described the revolver and was signed by Tony Martinez and Al Levich Co. The report stated that Martinez was 21 years of age, a painter by occupation, and that his place of employment was Santa Fe, New Mexico. A copy of the report of sale was introduced in evidence. Martinez and Jones told Levich that they had been in Iowa City and that they were going to take a trip to California. Levich testified that Plaintiff's Exhibit 2 was the revolver he sold to Martinez.

Martinez and Jones were in Clovis, New Mexico, on November 14, 1960. They stopped at the same motel. The Chief of Police at Clovis arrested Jones. When arrested, Jones was in possession of the revolver, identified as Plaintiff's Exhibit 2. The police took possession of the revolver and attached an identifying tag to it, dated "November 14, 1960, 10:00 p. m." Jones told the police he and Martinez were together at the motel. The Chief of Police interviewed Martinez at the motel in Jones's presence. Martinez stated they had been in Albuquerque, El Paso and Iowa City and were en route back on their way to Mexico and that he bought the revolver and Jones bought the rifle.

The following occurred on cross-examination of the Chief of Police: He was asked if he ever saw Martinez in possession of the revolver and the answer was in the negative. He was then asked if Martinez claimed to own the revolver and the answer was in the affirmative. He was further asked what Jones said about the ownership of the revolver and the answer was that Jones stated it belonged to Martinez, but that Jones had it on his person for protection.

The evidence also established these facts: One Chesley Jones, an investigator of the Alcohol and Tobacco Tax Unit, made an investigation of the case. After he had duly advised Martinez of his Constitutional rights not to incriminate himself and to counsel and had warned Martinez that he did not have to make any statement at all, and if he did make any statement it could be used against him at a trial, Martinez stated that he purchased a revolver at a "pawn shop" in Des Moines, Iowa, and that at the same time Clarke E. Jones purchased a rifle; that he paid cash for the pistol and that he borrowed part of the cash from Clarke E. Jones; that he signed the written report of the sale of a dangerous weapon; that he put the pistol in Jones's car; that they

left Des Moines on the evening of November 12, traveling in Jones's car; that they stopped at a small town named Fairview and also at Amarillo, Texas, and Clovis, New Mexico.

Counsel for Martinez contends that the offense of which Martinez was convicted in the New Mexico state court is not a crime of violence within the meaning of 15 U.S.C.A. § 902(e).

Section 40–9–2, N.M.Stat.Ann.1953, defines burglary when armed with a dangerous weapon and § 40–9–3 of such statutes defines burglary when unarmed. Both are limited to entry into dwelling houses. Section 40–9–6 of such statutes defines the offense of which Martinez was convicted in the state court. Its heading, or title, is "Breaking and entering into places other than dwellings." But the heading is no part of the statute.[1] The body of the section reads:

"Every person who shall break and enter, in the night-time, any office, shop, or warehouse, not adjoining to nor occupied as a dwelling-house, with the intent to commit the crime of murder, rape, robbery, larceny, or any other felony, shall be punished by imprisonment in the state penitentiary not more than three (3) years nor less than one (1) year."

It is plain that § 40–9–6 defines the offense of burglary so as to expand the common law definition of that offense to include breaking and entering offices, shops and warehouses.

In State v. Salazar, 42 N.M. 308, 77 P.2d 633, 634, Salazar was convicted under § 35–1503, N.M.Stat.Ann.1929. That statute is the same statute which now appears in identical language as § 40–9–6,

supra. In the Salazar case, the court said:

"Comp.St.1929, § 35–1503, defines the crime of burglary in the nighttime with felonious intent of any office, shop, or warehouse not adjoining to, nor occupied as, a dwelling house. The identity of the place burglarized is an essential element of a crime of this nature. That is a matter of substance."

■ At the time § 902(e), supra, was enacted in 1938, practically all of the states had enacted statutes expanding the common law offense of burglary so as to include the breaking and entering of buildings other than dwelling houses. The breaking and entering of a dwelling house or other building with intent to commit a felony therein is generally regarded as a crime of violence. In our opinion, Congress did not intend the word "burglary," as used in 15 U.S.C.A. § 901(6), to be restricted in its meaning to common law burglary, but, rather, it intended to embrace burglary under state statutes, which have expanded the common law offense to include breaking and entering of buildings other than dwelling house and other forms of burglary defined in state statutes.[2]

Accordingly, we conclude that Martinez had been convicted of a crime of violence prior to the interstate transportation of the firearm.

Counsel for Martinez further contends that the extra-judicial admissions made by Martinez were not sufficiently corroborated by independent evidence.

■ The corroborative evidence need not be sufficient, independent of the admissions or statements, to establish the corpus delicti, but it is sufficient if the

1. State v. Mares, 61 N.M. 46, 294 P.2d 284, 286.

2. Costello v. United States, 8 Cir., 255 F.2d 389, 393, 394, certiorari denied Cannella v. United States, 358 U.S. 830, 79 S.Ct. 51, 3 L.Ed.2d 69, rehearing denied 358 U.S. 901, 79 S.Ct. 220, 3 L.Ed.2d 152;

Cases v. United States, 1 Cir., 131 F.2d 916, 924, certiorari denied 319 U.S. 770, 63 S.Ct. 1431, 87 L.Ed. 1718, rehearing denied 324 U.S. 889, 65 S.Ct. 1010, 89 L.Ed. 1437. (The appellant's full name is Jose Cases Velazquez and the case in the Supreme Court Reports is entitled Velazquez v. United States.)

corroboration supports the essential facts admitted by the defendant sufficiently to justify a jury inference of their truth. Of course, the evidence as a whole must be sufficient to support a finding of guilt beyond a reasonable doubt.[3]

 The admissions and statements of Martinez were corroborated by the following independent evidence: On November 12, Martinez and Clarke E. Jones went to the Levich place of business in Des Moines, Iowa. After first satisfying Levich that they were more than 21 years of age, Martinez purchased the revolver charged to have been transported in interstate commerce by him and Jones purchased a 30-30 rifle. Levich made out a report of the sale of the revolver, dated November 12, 1960, and he and Martinez signed it. Martinez and Jones told Levich that they had been in Iowa City and that they were going to take a trip to California. They were in Clovis on November 14, 1960. They stopped at the same motel. Jones was arrested and found in possession of the revolver. Jones stated to the Chief of Police that the revolver belonged to Martinez, but that he had it on his person for protection. Not only was that statement brought out by counsel for Martinez on cross-examination, but it is fairly inferable from the evidence that it was made in Martinez's presence. Had Jones's statement been untrue, it would naturally have called for a denial on the part of Martinez. An admission may be inferred from silence, where the silence is improper or unnatural.[4] Under the circumstances, had Martinez merely remained silent, it would have been admissible against him, both because of his silence or acquiescence therein and the fact that it was brought out by his counsel on cross-examination. Here, Martinez not only did not repudiate the statement of Jones, but in his statement to the Chief of Police affirmed it.

We are of the opinion that the facts and circumstances related sufficiently support the essential facts admitted by Martinez to justify a jury inference of their truth and that the facts as a whole were adequate to support a finding of guilt beyond a reasonable doubt.

Affirmed.

---

3. Opper v. United States, 348 U.S. 84, 93, 75 S.Ct. 158, 99 L.Ed. 101; Smith v. United States, 348 U.S. 147, 156, 75 S.Ct. 194, 99 L.Ed. 192; Braswell v. United States, 10 Cir., 224 F.2d 706, 711, certiorari denied 350 U.S. 845, 76 S.Ct. 86, 100 L.Ed. 752.

4. Morris v. Norton, 6 Cir., 75 F. 912, 924; Friedman v. Forest City, 239 Iowa 112, 30 N.W.2d 752, 763; Accurate Employment Service v. Rowell, Ohio Com.Pl., 126 N.E.2d 81, 85; 31 C.J.S. Evidence § 294, p. 1057.