Johst P. Lomekzo, J.
Defendant contends that the subject information was defective and that there was a failure to prove beyond a reasonable doubt:
A. All of the allegations set forth in the information;
B. That defendant was operating the subject motor vehicle;
C. That defendant was physically and mentally capable of operating the motor vehicle in view of his advanced state of intoxication.
At the end of the People’s case defendant, rested and no proof was submitted in his behalf.
The defendant failed to object to the form of the information upon arraignment and before trial, and in the absence of jurisdictional defects such failure must be deemed a waiver and cannot be raised for the first time upon appeal. (See People v. Brous, 296 N. Y. 1028.)
The information, however, is sufficient under section 145 of the Code of Criminal Procedure. The trial court had jurisdiction of the defendant and of the crime charged. The information was signed and sworn to by a police officer on December 11, ] 961, the day after he made a lawful arrest of the defendant at the scene without a warrant. A violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law (driving while intoxicated) was involved and coupled with an accident, and the police officer had reasonable cause to believe that the violation was committed by the defendant. (Bee Vehicle and Traffic Law, § 1193.) The information specifically alleges that at Elba Street, in the City of Rochester, on the day and at the approximate time in question, the defendant operated a motor vehicle while in an intoxicated condition in violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law, and that defendant was sitting behind the wheel of the subject vehicle, in an intoxicated condition, and that the defendant admitted operating the motor vehicle, and that he had been drinking that day, and that he had *832 been in an accident striking a parked car. The information was not prepared as a preliminary basis upon which a warrant of arrest issued, but one employed solely for trial purposes. The court acquired jurisdiction of the person of the defendant by a previous valid arrest without a warrant, and particularization of evidence to be relied upon at the trial is not necessary to the sufficiency of the information which serves only the function of a pleading, since it is based upon “ requisite ‘ legal evidence ’ pointing the commission of the crime and defendant’s probable guilt. ” (People v. Belcher, 302 N. Y. 529, 535.)[1]
The prosecution is not required to prove each and every allegation of an information or an indictment. It is only necessary that proof be adduced upon the trial of allegations therein contained sufficient to establish the guilt of the defendant beyond a reasonable doubt of each of the elements of the crime charged.
The contention of defendant relating to the failure of the People to prove beyond a reasonable doubt that he was operating the subject motor vehicle is based upon the requirement of section 395 of the Code of Criminal Procedure, relating to admissions, of “ additional proof that the crime charged has been committed.” The court holds that there is sufficient additional proof to satisfy the requirements of the section.
The record shows that a lay witness for the People testified that on the day and at the time in question he was in his motor vehicle which was stopped by the curb of Elba Street, in' the City of Bochester, warming up his engine, and saw the subject motor vehicle weaving down the street and observed the right front wheel jump the curb of the street about 400 feet ahead. The witness drove over to the motor vehicle, stating:£ ‘ I stopped him.”, which indicates that he drove over immediately. When he arrived at the point where the motor vehicle had jumped the curb, he observed the defendant slumped over in the center of the front seat with one leg behind the steering wheel. He reached into the stalled motor vehicle and removed the ignition key which was in the “ on ” position. He further testified that it was dark and that he could not see who had operated the vehicle and too dark to observe whether anyone else got out of the car before he, the witness, got there. The contention is that in view *833 of the momentary inability of the witness, in the dark, to identify defendant as the man behind the wheel, while the motor vehicle was driven 400 feet ahead of the witness, and during the time that it took the witness to traverse the same distance, the possibility exists that someone else was operating the motor vehicle and, before the witness pulled alongside, left the motor vehicle. While it is conceivable that someone else may have driven the motor vehicle erratically down the street, which jumped the curb, and immediately left the vehicle or ran away, with an intoxicated person slumped over the front seat with one leg under the steering wheel “ is a possibility often present in many circumstantially proven criminal cases.”, but the existence of such possibilities does not necessarily require the holding that circumstantial evidence presented was insufficient in law to sustain a conviction. (People v. Blake, 5 N Y 2d 118.) “ The question of law is not whether someone else may possibly have strangled her — it is whether the proof points logically to defendant’s guilt and excludes, to a moral certainty, every other reasonable hypothesis, that is, whether the proven facts are consistent with, and point to, defendant’s guilt and are inconsistent with his innocence.” (People v. Harris, 306 N. Y. 345, 351, citing People v. Weiss, 290 N. Y. 160, 163; People v. Taddio, 292 N. Y. 488, 489 [emphasis supplied].) Defendant’s position would require exclusion to an absolutely metaphysical certainty, and such an interpretation would destroy the rationale of circumstantial evidence as such, and its use in the courts.
The testimony of the witness Crandall, supported by the witness Strocens, is sufficient “additional proof” required by section 395 of the Code of Criminal Procedure of defendant’s admission that he operated the motor vehicle, for the court below to determine factually, beyond a reasonable doubt, that defendant operated the motor vehicle. Such 11 additional proof ’ ’ may be either direct or, as here, circumstantial, and it is not necessary that it should suffice to convict defendant independent of his admission. (People v. Brasch, 193 N. Y. 46.)
The final contention of defendant that he was physically and mentally unable to operate the motor vehicle because of his advanced stage of intoxication (defense counsel in his brief describes defendant’s condition as being1 ‘ paralyzed ”) although novel indeed, fails. The proof is sufficient to establish the commission of each of the elements of the crime charged. In addition the City Chemist, who made a chemical analysis of a sample of the defendant’s urine, testified concerning the amount of alcohol in the defendant’s blood taken within two hours of the time of arrest, to be by weight .346. This witness was asked *834 by defense counsel upon cross-examination whether the defendant could operate a vehicle and received the answer: “ He could, but he is at an advanced stage of intoxication and he cannot operate it in a normal manner.” No proof to the contrary in behalf of the defendant was presented. Conviction affirmed.

. The Court of Appeals considered the former subdivision 5-c of section 70 of the Vehicle and Traffic Law which since was amended by section 53 of chapter 300 of the Laws of 1960, effective October 1, 1960, which substituted “police officer ” for “ peace officer ” and inserted “ if such violation is coupled with an accident or collision in which such person is involved.” In the Belcher case an accident was involved and a police officer made the arrest and therefore constitutes law on the subject under the later amended provisions of section 1193 of the Vehicle and Traffic Law.