THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* FÉLIX CAMPOS SUÁREZ, Defendant and Appellant.

No. Cr–62–134. Decided October 30, 1962.

*Gilberto Ortiz Rodríguez* for appellant.   *J. B. Fernández Badillo, Solicitor General,* and *Juan A. Faría, Assistant Solicitor General,* for The People.

PER CURIAM.

Appellant raises the question that a defendant's admissions concerning essential facts of a crime charged against him should be corroborated.   He invokes the opinion delivered by the Supreme Court of the United States in the case of *Opper* v. *United States,* 348 U.S. 84 (1954).

Appellant was charged with driving a motor vehicle under the influence of intoxicating liquor—9 L.P.R.A. § 1041 (Supp. 1961).   The only witness who testified against him was a policeman who investigated the facts.   The latter stated that when he arrived at the place of the accident, defendant immediately told him that he had been driving one of the vehicles.   There is no controversy as to the question that he was intoxicated.   Nevertheless, appellant contends that it is an essential element of the crime charged, to have been driving an automobile, and this can not be established by the mere admission of an accused.  There should be some other evidence to corroborate that fact.  And he maintains that in the present case there is no such evidence.

It seems unnecessary to consider whether or not it is required that the admissions of essential facts of a crime

require corroboration, since in the event that it should be required, the evidence introduced in this case duly establishes that corroboration. The policeman testified that ten minutes before the accident he had seen the accused in another part of the town next to the same vehicle. Then he saw him at the place of the accident beside the vehicle. It was there where he made the admission. That evidence is sufficient to corroborate it.

In *Martínez* v. *United States*, 295 F.2d 426 (10th Cir. 1961), it was stated that: "The corroborative evidence need not be sufficient, independent of the admissions or statements, to establish the corpus delicti, but it is sufficient if the corroboration supports the essential facts admitted by the defendant sufficiently to justify a jury inference of their truth."

The corroborating evidence in this case complies with that requirement. The accused was seen ten minutes earlier in another part of the town next to the vehicle, and it was beside this same vehicle that he told the witness shortly thereafter, that he was driving it.

In a recent case, *People* v. *Fox*, 229 N.Y.S.2d 344 (1962), the Monroe County Court of the State of New York had before it a problem similar to the one in the present case. The crime charged was, as in the case at bar, driving a motor vehicle while intoxicated. The accused admitted that he was driving the vehicle. Nobody saw him driving it. The witness for the prosecution testified that he was in his motor vehicle which was stopped by the curve of the street; that he saw the accused's vehicle weaving down the street; that it finally stopped 400 feet ahead off the street; that he immediately went to that point and saw the accused near the center of the front seat with one leg under the steering wheel; the ignition key was in the "on" position; that it was dark; that he did not see anybody leave the automobile before he got there. The defense maintains that since it was dark, someone else could have been driving the motor vehicle and could have left it before the witness pulled alongside.

Since in New York it is required by statute—§ 395 of the Code of Criminal Procedure—that admissions be corroborated, the defense raised the question that the evidence narrated was insufficient to corroborate the admission of the accused that he was driving the automobile. Deciding the contention the court held the following:

". . . While it is conceivable that someone else may have driven the motor vehicle erratically down the street, which jumped the curb, and immediately left the vehicle or ran away, with an intoxicated person slumped over the front seat with one leg under the steering wheel 'is a possibility often present in many circumstantially proven criminal cases,' but the existence of such possibilities does not necessarily require the holding that circumstantial evidence presented was insufficient in law to sustain a conviction."

The court considered that evidence to be sufficient corroboration of the accused's admission. That of the case at bar is similar.

█ Appellant raises another question: that the suspension of the license to drive motor vehicles for failing to submit himself to the required analysis is null, since his arrest was illegal and the law requires a previous arrest before his submission to the chemical analysis be required. 9 L.P.R.A. § 1043 (b). The ground adduced to support this point is that since there was no corroborative evidence, there are no grounds for his arrest since he had committed no crime whatsoever. The conclusion to which we have arrived as to the first contention disposes of this contention.

After considering all the attendant circumstances, we believe that the penalty imposed is excessive. It should be reduced to thirty days in jail. The judgment thus modified will be affirmed.

---

Mr. Justice Dávila, concurring.

The Court has determined that the evidence adduced to corroborate the admission made by the accused complies with

the requirements that the case law has established for these cases. In this I concur with the majority opinion, but I believe, however, that it is no obstacle to prevent the Court from dealing with a question of major importance in the procedure to prosecute a person: whether the testimony of the only witness for the prosecution to the effect that the accused admitted to him essential facts of a crime, is sufficient, alone, to establish his guilt.

The Supreme Court of the United States in the cases of *Opper* v. *United States*, 348 U.S. 84 (1954) and *Smith* v. *United States*, 348 U.S. 147 (1954), considered the question, decided that the admission of essential facts of the crime charged required corroboration, and it later concluded that the evidence introduced corroborated the admissions made by the two accused.

Procedural safeguards constitute the most effective means to protect individual liberty. They are the foundation of our liberties and the courts should watch for their constant clarification. "The history of liberty has largely been the history of observance of procedural safeguards." *McNabb* v. *United States*, 318 U.S. 332, 347 (1943). Thus, I understand it is the duty of every court of appeal of last resort to face problems of this sort when they are raised openly in order to clearly establish which is the procedure to which the courts of first instance should adjust themselves.

The large majority of the States of the Union have adopted the rule that an accused can not be convicted exclusively on the basis of his extra-judicial confession. These jurisdictions require that the confessions be corroborated. *Opper* v. *United States, supra;* and see also, the relation of cases which appears in the monograph entitled *Confession-Admission-Corroboration*, 45 A.L.R.2d 1316, 1320 (1956); 2 WHARTON, Criminal Evidence § 393 (11th ed. 1955); 7 WIGMORE, Evidence § 2071 (3d ed. 1940). In *People* v. *Hernández*, 75 P.R.R. 852, 859 (1954), this Court stated that: "It is a well-settled rule that the defendant's confession should be cor-

roborated by evidence *aliunde* tending to establish the *corpus delicti.*"

This requirement has its raison d'etre on experience. It is pointed out that traditionally the zeal of the agencies of prosecution is such that some times confessions are obtained from persons not responsible for crimes. And in order to protect the citizens involved in these cases, the courts, besides requiring that the confessions be voluntary, require that even in cases where they are, they should be corroborated by some other evidence. *Smith* v. *United States, supra.*

Scarcely eight years ago the Supreme Court of the United States extended to admissions the requirement of corroboration demanded by confessions. *Opper* v. *United States, supra; Smith* v. *United States, supra.* The Federal Supreme Court holds that the admissions of essential facts of a crime are of the same character and are tantamount to a confession, and that corroboration should be required. It holds besides that those admissions should have the same safeguards as confessions, and that the prevailing rules which require that confessions be corroborated are applicable to impose that requirement on admissions. In the case of Smith, when considering the need to corroborate the admissions, the prevailing situation as to confessions was set forth. The court stated:

". . . Its purpose is to prevent 'errors in convictions based upon untrue confessions alone,' *Warszower* v. *United States, supra,* at 347; its foundation lies in a long history of judicial experience with confessions and in the realization that sound law enforcement requires police investigations which extend beyond the words of the accused. Confessions may be unreliable because they are coerced or induced, and although separate doctrines exclude involuntary confessions from consideration by the jury, *Bram* v. *United States, supra; Wilson* v. *United States, supra,* further caution is warranted because the accused may be unable to establish the involuntary nature of his statements. Moreover, though a statement may not be 'involuntary' within the meaning of this exclusionary rule, still its reliability may

be suspect if it is extracted from one who is under the pressure of a police investigation—whose words may reflect the strain and confusion attending his predicament rather than a clear reflection of his past."

And the Supreme Court of the United States points out that there are numerous cases of persons who have confessed and their confession has later been proved false. In *Voluntary False Confessions: A Neglected Area in Criminal Administration*, 28 Ind. L. J. 374 (1953), there is an interesting relation of cases in which persons accused of crimes have confessed, which confession was later determined to be false.

Truly, there is no reason to require corroboration as to confessions, and not to require it as to admissions.

Recently, in *People v. Barreto*, 85 P.R.R. 723 (1962), we set forth, citing from *Jones v. United States*, 296 F.2d 398 (D.C. Cir. 1962), that "confessions are admissions of crime, whereas admission concerns only some specific fact which in turn tends to establish guilt or some element of an offense." Hence, although admissions are of a more limited character than confessions, since the latter admits absolute responsibility, that is, guilt, and admission only admits an element of the crime, or specific facts which tend to establish guilt, the truth is that ultimately they have the same character and bear the same defect. In truth, they can not be exclusively depended on to establish the guilt of an accused. In the confession of a crime or in the admission of essential facts which tend to establish the guilt of a person, countless elements come into play which are sometimes extraneous to the actual facts. Psychological problems in some cases, the pressure of public opinion, and the expectation of judicial leniency in others, the desire for notoriety, as well as the wish to assume the responsibility which would otherwise fall on a loved one, are pointed out, among others, as motivation for a person's confession or admitting essential facts which incriminate him. 24 Ind. L. J. *supra*. That is why we should bear in mind what we stated in *People v. Ribas*, 83 P.R.R. 371 (1961), to

the effect that in a criminal proceeding the essential thing is to find out the truth. The state should not only be interested in solving a crime. The true interest lies in determining, with all the procedural safeguards, who committed the crime, for the purpose of giving him the adequate treatment, in such a way that when the person is restored to the community, he becomes a useful citizen. With confessions or admissions the solving of a crime would be obtained in the majority of cases, but the assurance of having identified the true criminal would be lacking. In order to try to establish with certainty who is the responsible person, it has been required that confessions be corroborated by some other evidence. Evidently, the same reasons and grounds exist for requiring the corroboration of admissions. In the case of Opper, we repeat, the Supreme Court of the United States adopted the position that "an accused's admissions of essential facts or elements of the crime, subsequent to the crime, are of the same character as confessions and . . . corroboration should be required" and that "such admissions have the same possibilities for error as confessions. They, too, must be corroborated." See, also, Note, 39 Minn. L. Rev. 902 (1955).

The afore-mentioned annotation which appears in 45 A.L.R.2d 1316, 1323, lists the jurisdictions where it is required that admissions, as well as confessions, be corroborated.

Now, what evidence is required to corroborate a fact admitted by an accused? The *Opper* case establishes as a requirement that the corroborative evidence must tend to establish the reliability or veracity of the admitted fact. That is, that the trier should have before him evidence which leads him to believe that the admission is true; that he should not depend exclusively on the accused's testimony; that there should be some other evidence which justifies determining that what the accused admitted is true. That is sufficient guaranty. *Martínez* v. *United States*, 295 F.2d 426 (10th Cir. 1961); *Ramírez* v. *United States*, 294 F.2d 277 (9th Cir.

1961) ; *Bryson* v. *United States*, 238 F.2d 657 (9th Cir. 1956) ; *Gulotta* v. *United States*, 113 F.2d 683 (8th Cir. 1940) ; *State* v. *Saltzman*, 44 N.W.2d 24 (Iowa 1950) ; WIGMORE, *op. cit.*, § 2071; Commentaries: *Corroboration of Extrajudicial Statements*, 7 Stan. L. Rev. 378 (1955) ; *Corroboration of Admissions*, 22 U. Chi. L. Rev. 902 (1954) ; 41 A.B.A.J. 161 (1955) ; *cf. People* v. *Colón*, 81 P.R.R. 788 (1960).

The evidence which the trial judge had before him complies with this requisite. That is why I concur with the majority opinion, but I repeat, that the main question raised should have been considered, and it should have been affirmatively decided that admissions of essential facts of a crime need to be corroborated by some other evidence.

Mr. Justice Ramírez Bages concurs in this opinion, but believes that the penalty should have been modified to three months in jail and not to one month as the majority determined.