El Pueblo de Puerto Rico, demandante y apelado, *v.* Félix Campos Suárez, acusado y apelante.

*Número:* CR–62–134    *Resuelto:* 30 de octubre de 1962.

*Gilberto Ortiz Rodríguez,* abogado del apelante; *J. B. Fernández Badillo, Procurador General,* y *Juan A. Faría, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El apelante plantea la cuestión de que las admisiones de un acusado sobre hechos esenciales del delito que se le imputa deben ser corroboradas. Invoca la opinión emitida por el Tribunal Supremo de los Estados Unidos en el caso de *Opper* v. *United States,* 348 U.S. 84 (1954).

El apelante fue acusado de conducir un vehículo en estado de embriaguez—9 L.P.R.A. sec. 1041 (Supl. 1961)—. El único testigo que declaró en su contra fue un policía que investigó los hechos. Éste manifestó que cuando llegó al

sitio donde ocurrió el accidente, el acusado le admitió que conducía uno de los vehículos. No hay controversia en cuanto a la cuestión de que estaba en estado de embriaguez. El apelante no obstante sostiene que es elemento esencial del delito imputado, el conducir un automóvil, y esto no puede establecerse con la mera admisión del acusado. Debe existir otra prueba que corrobore este hecho. Y sostiene que en el presente caso, no existe esa prueba. ▬

Parece innecesario considerar si se requiere que las admisiones de hechos esenciales de un delito requieran corroboración, pues en el supuesto de que se requiriera, la prueba presentada en este caso establece debidamente esa corroboración. El policía declaró que diez minutos antes del accidente él había visto al acusado en otro sitio del pueblo junto al mismo vehículo. Luego lo vio en el sitio del accidente junto al vehículo. Ahí fue que le hizo la admisión. Esa prueba es suficiente para corroborarla. ▬

En *Martínez* v. *United States*, 295 F.2d 426 (10mo. cir. 1961) se expresó que: "[l]a evidencia de corroboración no tiene que ser suficiente, independientemente de las admisiones o manifestaciones para establecer el corpus delicti; es suficiente si la evidencia de corroboración tiende a sostener los elementos esenciales admitidos por el acusado en forma tal que justifique la determinación de su veracidad por un jurado".

La prueba de corroboración en este caso cumple con ese requisito. El acusado fue visto diez minutos antes en otro sitio del pueblo al lado del vehículo, junto al cual le manifestó al testigo más tarde, que era él quien lo conducía.

En reciente caso, *People* v. *Fox*, 229 N.Y.S.2d 344 (1962), la corte del Condado de Monroe en el estado de Nueva York, tuvo ante su consideración un problema similar al del presente caso. El delito imputado era al igual que en éste, conducir un vehículo en estado de embriaguez. El acusado admitió que él conducía el vehículo. Nadie lo vio conduciéndolo.

El testigo de cargo declaró que él estaba detenido a la orilla de la carretera en su vehículo; que vio pasar el vehículo del acusado dando zig-zags; que se detuvo 400 pies más adelante al abandonar la carretera; que inmediatamente fue al sitio y vio al acusado hacia el centro del asiento delantero con una pierna en la parte donde está el guía; la llave de la ignición puesta; que estaba oscuro; que no vio a nadie salir del automóvil antes de él llegar. La defensa sostiene que como estaba oscuro, alguien pudo estar conduciendo el vehículo que no era el acusado y que pudo abandonarlo sin que el testigo lo viera.

Como en Nueva York se requiere por estatuto—Art. 395 Código de Procedimiento Criminal—que las admisiones sean corroboradas, la defensa levantó la cuestión de que la prueba relatada no es suficiente para corroborar la admisión del acusado de que él conducía el automóvil. Resolviendo el planteamiento se expresó así el tribunal:

". . . Aunque es posible que otra persona estuviere conduciendo el vehículo dando zig-zags por la carretera, y que lo subiera sobre el encintado, e inmediatamente lo abandonara, dejando a una persona ebria en el asiento delantero con una pierna bajo el volante, 'es una posibilidad frecuente en casos criminales basados en evidencia circunstancial'; el hecho de que sea posible, no conlleva la conclusión de que la evidencia circunstancial presentada sea insuficiente para sostener la convicción."

El tribunal consideró que esa prueba era suficiente corroboración de la admisión del acusado. La del presente es similar. ■

El apelante levanta otra cuestión: que la suspensión de la licencia de conducir vehículos por no someterse al examen requerido es nula, ya que su arresto fue ilegal, y la ley exige un previo arresto antes de que pueda requerirse que se someta al examen químico. 9 L.P.R.A. sec. 1043(b). El fundamento que aduce para sostener este punto es que como no hay prueba de corroboración no hay base para arrestarlo,

pues no había cometido delito alguno. La conclusión a que hemos llegado en cuanto al primer apuntamiento dispone del presente.

Consideradas todas las circunstancias concurrentes, nos parece que la pena impuesta es excesiva. Debe reducirse a treinta días de cárcel. *Así modificada se confirmará.*

---

Opinión concurrente del Juez Asociado Señor Dávila.

El Tribunal ha determinado que la prueba aducida para corroborar la admisión hecha por el acusado cumple con los requisitos que la jurisprudencia ha establecido para estos casos. En esto concurro con el criterio de la mayoría, pero considero, sin embargo, que ello no es obstáculo, para que el Tribunal se enfrente con una cuestión de capital importancia en el procedimiento para enjuiciar a una persona: si el testimonio del único testigo de cargo al efecto de que el acusado le admitió hechos esenciales de un delito, es suficiente, sin más para establecer su culpabilidad.

El Tribunal Supremo de los Estados Unidos en los casos de *Opper* v. *United States*, 348 U.S. 84 (1954) y *Smith* v. *United States*, 348 U.S. 147 (1954), consideró la cuestión, determinó que era necesaria la corroboración de las admisiones de hechos esenciales del delito imputado, y luego concluyó que la evidencia presentada corroboraba las admisiones hechas por los dos acusados.

Las garantías procesales constituyen el medio más eficaz para defender la libertad del individuo. Son fundamento de nuestras libertades y los tribunales deben velar por su constante depuración. "La historia de la libertad ha sido mayormente la historia del acatamiento de las salvaguardas pro-

cesales". *McNabb* v. *United States*, 318 U.S. 332, 347 (1943). Así, entiendo que es deber de todo tribunal de apelación de última instancia, enfrentarse a problemas de esta índole cuando le son planteados abiertamente para dejar claramente establecido cuál es el procedimiento a que deben ajustarse los tribunales de primera instancia.

La inmensa mayoría de los estados federados de la Unión Americana han adoptado la regla de que un acusado no puede ser convicto a base exclusivamente de su confesión extra-judicial. Estas jurisdicciones requieren que las confesiones sean corroboradas. *Opper* v. *United States*, supra; y ver relación de casos que aparece en la monografía titulada *Confession-Admission—Corroboration*, 45 A.L.R.2d 1316, 1320 (1956); 2 Wharton's *Criminal Evidence*, § 393 (11th ed. 1955); 7 Wigmore *Evidence* § 2071 (3ra. ed. 1940). Este Tribunal en *Pueblo* v. *Hernández*, 75 D.P.R. 907 (1954) expresó que "[e]s doctrina firmemente establecida la de que la confesión del acusado debe ser corroborada mediante prueba *aliunde* que tienda a establecer el *corpus delicti*".

Este requisito tiene su razón de ser en la experiencia. Se apunta que tradicionalmente el celo desplegado por las personas encargadas de las investigaciones criminales es tal, que a veces se obtienen confesiones de personas que no son responsables de delitos. Y para proteger a los ciudadanos envueltos en estos casos, los tribunales además de exigir que las confesiones sean voluntarias, requieren que aún en el caso de que lo sean, que éstas estén corroboradas por otra prueba. *Smith* v. *United States*, supra.

Hace apenas ocho años que el Tribunal Supremo de los Estados Unidos extendió a las admisiones el requisito de corroboración exigido para las confesiones. *Opper* v. *United States*, supra; *Smith* v. *United States*, supra. Sostiene el Tribunal Supremo Federal que las admisiones de hechos esenciales de un delito tienen el mismo carácter y equivalen a una confesión, por lo que debe requerirse que sean corroboradas. Afirma el alto Tribunal que esas admisiones de-

ben tener las mismas salvaguardas que las confesiones y que los fundamentos que privan para exigir que las confesiones sean corroboradas existen para imponer tal requisito a las admisiones. En el caso de *Smith*, al considerar la necesidad de corroborar las admisiones, se expuso la situación prevaleciente en cuanto a las confesiones. Se expresó así el Tribunal:

" . . . Su propósito es evitar 'errores en convicciones basadas exclusivamente en confesiones falsas' *Warszower* v. *United States*, supra, a la pág. 347; se basa en una larga historia de experiencia judicial con confesiones y en la seguridad de que el justo cumplimiento de la ley demanda investigaciones policíacas que se extienden más allá de las manifestaciones del acusado. Algunas confesiones pueden no ser confiables por ser forzadas o instigadas, y aunque doctrinas separadas excluyen las confesiones involuntarias de la consideración del jurado, *Bram* v. *United States*, supra; *Wilson* v. *United States*, supra, se justifica una mayor precaución porque el acusado puede ser incapaz de establecer la naturaleza involuntaria de sus manifestaciones. Además, aun cuando una manifestación pueda no ser 'involuntaria' dentro del significado de esta regla de exclusión, su confiabilidad puede ser aún dudosa si la misma es extraída de alguien que se encuentra bajo la presión de una investigación policíaca—cuyas palabras pueden reflejar la tensión y confusión resultantes de su onerosa situación más bien que un fiel reflejo de sus actuaciones. . ."

Y apunta el Tribunal Supremo de los Estados Unidos, que son numerosos los casos de personas que han confesado y luego se ha demostrado lo falso de su confesión. En *Voluntary False Confessions: A Neglected Area in Criminal Administration*, 28 Ind. L.J. 374 (1953), aparece una interesante relación de casos en que personas acusadas de delito han confesado, para luego determinarse que era falsa la confesión.

En verdad no hay razón para exigir la corroboración en cuanto a las confesiones, y no exigirla en cuanto a las admisiones.

Recientemente en *Pueblo* v. *Barreto Pérez*, 85 D.P.R.
752 (1962), expusimos citando de *Jones* v. *United States*,
296 F.2d 398 (D.C. cir. 1962) que "[l]as confesiones son
admisiones del crimen en sí. Las llamadas admisiones
se refieren a algún hecho específico que tiende a estable-
cer la culpabilidad o algún elemento del delito". Así, aun-
que la admisión tiene un carácter más limitado que la
confesión, ya que esta última admite la responsabilidad ab-
soluta, esto es la culpabilidad, y la admisión sólo admite un
elemento del delito, o hechos específicos que tienden a estable-
cer la culpabilidad, la realidad es que en última instancia
tienen el mismo carácter y adolecen del mismo defecto. En
conciencia, no se puede depender exclusivamente de ellas para
establecer la culpabilidad de un acusado. En la confesión
de un crimen o en la admisión de hechos esenciales que tien-
dan a establecer la culpabilidad de una persona, entran en
juego innumerables factores, a veces ajenos a la realidad de
los hechos cometidos. Problemas sicológicos en algunos ca-
sos, la presión de la opinión pública y la esperanza de obte-
ner una sentencia más leve en otros, el ansia de publicidad,
así como el deseo de asumir la responsabilidad que de otra
manera recaería sobre un ser querido, se apuntan, entre
otras, como motivaciones para que una persona confiese o
admita hechos esenciales que le incriminan. 24 Ind. L. J.,
*supra*. Es por eso que no debemos olvidar lo que expresamos
en *Pueblo* v. *Ribas*, 83 D.P.R. 386 (1961), al efecto de que en
un proceso criminal lo esencial es averiguar la verdad. El
Estado no debe estar interesado solamente en solucionar un
crimen. El verdadero interés estriba en determinar, con to-
das las garantías procesales, quién cometió el delito, con el
propósito de darle el tratamiento adecuado, de tal forma que
cuando la persona se restituya a la comunidad social sea un
ciudadano útil y de provecho. Con la confesión o la admisión
se obtendría en la mayor parte de las ocasiones la solución de
un crimen, pero faltaría la certeza de haber identificado al
verdadero culpable. Para tratar de establecer con certeza

quién es el responsable es que se ha requerido que las confesiones sean corroboradas por otra prueba. Claramente existen las mismas razones y fundamentos para requerir la corroboración de las admisiones. En el caso de *Opper*, repetimos, la Corte Suprema de los Estados Unidos adoptó la posición de que "las admisiones de un acusado sobre hechos o elementos esenciales del delito, posteriores a éste, gozan del mismo carácter del de las confesiones, y se requiere corroboración" y que "tales admisiones tienen las mismas posibilidades de error como las confesiones. Aquéllas también deben ser corroboradas". Ver además Nota 39 Minn. L. Rev. 902 (1955).

En la monografía anteriormente citada, que aparece en 45 A.L.R.2d 1316 a la pág. 1323 se anotan las jurisdicciones donde se requiere que las admisiones al igual que las confesiones sean corroboradas.

Ahora, ¿qué evidencia se requiere para corroborar un hecho admitido por un acusado? El caso de *Opper* establece como requisito el que la prueba de corroboración tienda a establecer la confiabilidad o veracidad del hecho admitido. O sea, que el juzgador tenga ante sí prueba que le induzca a creer que es verdad la admisión; que no dependa exclusivamente del testimonio del acusado; que haya otra prueba que le justifique determinar que lo que el acusado admitió es cierto. Esa es suficiente garantía. *Martínez* v. *United States*, 295 F.2d 426 (10mo. cir. 1961); *Ramírez* v. *United States*, 294 F.2d 277 (9no. cir. 1961); *Bryson* v. *United States*, 238 F.2d 657 (9no. cir. 1956); *Gulotta* v. *United States*, 113 F.2d 683 (8vo. cir. 1940); *State* v. *Saltzman*, 44 N.W. 2d 24 (Iowa 1950); Wigmore, *op. cit.* § 2071; Comentarios: *Corroboration of Extrajudicial Statements*, 7 Stan. L. Rev. 378 (1955); *Corroboration of Admissions*, 22 U. Chi. L. Rev. 902 (1954); 41 A.B.A.J. 161 (1955); Cf. *Pueblo* v. *Colón*, 81 D.P.R. 814 (1960).

La prueba que tuvo ante sí el juez de instancia cumple con este requisito. Por eso concurro con la opinión de la

mayoría pero repito que debió considerarse la cuestión principal planteada y resolver afirmativamente que las admisiones de hechos esenciales de un delito necesitan ser corroboradas por otra prueba.

El Juez Asociado señor Ramírez Bages concurre con esta opinión, pero es del criterio que la pena debió reducirse a tres meses de cárcel y no a un mes como determinó la mayoría del Tribunal.