EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MANUEL PÉREZ FERNÁNDEZ, acusado y apelante.

*Número:* CR-67-228     *Resuelto:* 19 de abril de 1968

920

*Jorge López Santiago*, abogado del apelante; *J. F. Rodríguez Rivera, Procurador General Interino*, y *Juan José Ríos Martínez, Procurador General Auxiliar*, abogados de El Pueblo.

PER CURIAM: El apelante fue convicto del delito de conducir un vehículo de motor estando bajo los efectos de bebidas embriagantes. Fue sentenciado a cumplir 20 días de cárcel y la suspensión de su licencia de conductor por un año a contarse desde que extinguiera la sentencia. No conforme con la misma señala como único error en apelación: "Erró el tribunal sentenciador al declarar culpable al acusado a base de la admisión no corroborada de éste al efecto de que era él quien conducía el automóvil."

Según se desprende de la declaración de los testigos, los hechos fueron los siguientes:

El día 1ro. de julio de 1963 el testigo Ángel Antonio López Pérez, estaba de visita en el balcón de la casa de un tío suyo en el kilómetro 14 de la carretera 167. Allí había estacionado su automóvil fuera de la línea de rodaje de la carretera. Entre 8 y 9 de la noche vio cuando la guagua del acusado que iba de Comerío hacia Bayamón, se salió de la carretera y chocó su automóvil. La primera vez que pudo ver al acusado fue después del accidente al apearse de la guagua. A preguntas del abogado del acusado declara lo siguiente: (T.E. págs. 6–7.)

"P. Cuándo usted lo vio por primera vez, donde estaba él?

R. Frente al carro. El se salió de la guagua. Estaba viendo lo que había pasado.

P. No lo vio en el volante? O sea, no lo vio en el volante sino fuera del automóvil?

R. Sí, señor.

P. El acusado en esos momentos estaba examinando qué le había pasado al automóvil suyo?

R. Sí, señor.

P. Ahí fue que lo vio?

R. Sí, señor."

Notó que el acusado gagueaba cuando hablaba, daba tumbos y no coordinaba ideas. A preguntas del testigo el acusado le dijo que no sabía lo que le había pasado, después al hablar el acusado con otras personas oyó que les decía que él no había hecho nada.

El policía Dionisio Vélez Cruz vivía para la fecha del accidente en el kilómetro 14 de la carretera 167. Esa noche estando en su hogar oyó un impacto y fue al sitio de los hechos. Comenzó a investigar el accidente. A preguntas del policía el acusado admitió que él manejaba la guagua, aunque luego le dijo que no había hecho nada. Notó que al acusado le salía un fuerte olor a bebidas alcohólicas, tenía los ojos enrojecidos y al caminar iba dando tumbos. Lo condujo a la estación de la policía de Bayamón y de allí al Centro de Salud de Bayamón donde le tomaron las muestras de sangre. El examen de la muestra de sangre dio .20% de alcohol por peso.

En los tribunales federales la regla establecida es que la convicción de un acusado tiene que descansar en algo más firme que una mera admisión o confesión no corroborada. *Wong Sun* v. *United States*, 371 U.S. 471, 9 L.Ed.2d 441, 456 (1963). Desde el caso de *Opper* v. *United States*, 348 U.S. 84, 99 L.Ed. 101 (1953) se extendieron a las admisiones las mismas garantías que a las confesiones a base de que aquéllas participan de las mismas características que éstas. Ahora bien, la evidencia corroborativa no tiene que ser de tal grado que, independientemente de las admisiones,

establezca el *corpus delicti.* Lo que se requiere es que El Pueblo traiga evidencia sustancial independiente que tienda a establecer la veracidad de las admisiones. Es suficiente que la prueba de corroboración sostenga los hechos esenciales admitidos y que justifique hacer una inferencia sobre su veracidad. *Opper* v. *United States,* supra.

En la mayoría de las jurisdicciones estatales se ha seguido esta regla y es un principio bien establecido que las admisiones de un acusado sobre hechos que lo incriminen si no son corroboradas por otra evidencia, no son suficientes para sostener una convicción. Pero los tribunales están de acuerdo en que no es necesario que la evidencia corroborativa por sí sola e independientemente de la admisión establezca el *corpus delicti;* ni la culpabilidad del acusado fuera de duda razonable; ni tiene que tener un carácter concluyente. Evidencia circunstancial puede ser suficiente corroboración y cuando hay alguna evidencia *aliunde* tendiente a establecer el *corpus delicti,* la admisión puede ser considerada en relación con esa evidencia para establecer el *corpus delicti— Corroboration of Extrajudicial Confession or Admission,* 45 A.L.R.2d 1316 y casos allí citados.

El apelante sostiene que el caso de *Pueblo* v. *Campos Suárez,* 86 D.P.R. 310 (1962), es distinto al caso de autos ya que según él en el presente caso están ausentes las circunstancias que el Tribunal consideró suficientes para corroborar la admisión del acusado. Muy por el contrario, el caso de *Campos Suárez* es muy similar al presente caso y en éste, a diferencia del de *Campos Suárez,* la prueba corroborativa es aun más fuerte. En ambos casos, los apelantes fueron acusados de conducir un automóvil en estado de embriaguez, nadie vio a los acusados conduciendo el automóvil, al llegar la policía al lugar del accidente los acusados admiten la conducción del automóvil y no está en controversia la cuestión de si estaban o no en estado de embriaguez. En

ambos casos la cuestión planteada es si las admisiones de los acusados fueron corroboradas.

En el caso de *Campos Suárez* la prueba de corroboración encontrada suficiente por este Tribunal fue la siguiente: el policía que investigó los hechos, único testigo de cargo, declaró que diez minutos antes del accidente él había visto al acusado en otro sitio del pueblo junto al mismo vehículo, luego lo vio en el sitio del accidente junto al vehículo y allí fue que le hizo la admisión.

En el presente caso el testigo de cargo Antonio López Pérez ve una guagua que se sale de la carretera y choca su automóvil. Naturalmente, siendo de noche, no puede ver al conductor mientras está conduciéndola; pero a la persona que ve salir de la guagua es al acusado y al que ve examinar los daños ocasionados por el choque es al acusado. Luego el acusado admite al otro testigo de cargo que él es el conductor.

La prueba de corroboración en este caso es suficiente para permitir al juzgador hacer la inferencia que la persona que conducía la guagua que chocó al automóvil era el acusado y no deja lugar a dudas de que el delito fue cometido por la persona a quien se le imputó.

*Se confirmará la sentencia apelada.*